IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KIRK HOMOKY, )
)
   Plaintiff, )
)
v. ) 2:12-cv-491
)
JEREMY OGDEN, *et al.*, )
)
   Defendants. )

*OPINION AND ORDER*

This matter is before the court on the Motion for Rule to Show Cause [DE 38] filed by the plaintiff, Kirk Homoky, on June 25, 2014. For the following reasons, the motion is **DENIED**.

*Background*

The plaintiff, Kirk Homoky, took the deposition of Sergeant Tim Manteuffel of the Porter County Sheriff's Department on May 1, 2014. At his deposition, Manteuffel testified that audio from the interrogation room was available at all times, even when the room was empty, and that the officers had a device at their desks that allowed them to hear what was going on in the interrogation room at all times. The real-time audio was not controlled by an on and off switch. However, he further stated that there was an on and off switch in the commander's office for recording. Any time an interview was conducted, the recording device was turned on.

Following Manteuffel's deposition, Homoky served the Porter County Police Department with a subpoena to produce the audio recording pertaining to Homoky from November 14, 2012. The Sheriff's Department turned over a CD-DVD of the interview. Homoky's counsel reviewed the recording but determined that there were missing parts and that there was evidence of

1

splicing. Homoky now moves for an order for the Sheriff's Department and Manteuffel to show cause as to why they should not be held in contempt for failing to produce the complete audio recording.

*Discussion*

Federal Rule of Civil Procedure 45(g) states that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States S.E.C. v. Hyatt*, 521 F.3d 687, 692 (7th Cir. 2010). After the court identifies an unequivocal command that the party violated, the burden then shifts, and the party opposing the motion must demonstrate why he is unable to comply with the order. *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). The court should not take the authority to hold a party in contempt lightly and should do so only when it is necessary to induce performance of a court order. *Electrical Workers Pension Trust Fund of Local Union # 58 v. Gary's Electrical Service Co*., 340 F.3d 373, 378 (6th Cir. 2003) (citing *Gompers v. Buck's Stove & Range Co*., 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911)).

Homoky has not demonstrated that the Sheriff's Department violated a command. Upon receiving the subpoena, the Sheriff's Department turned over the audio recording from the interrogation room. Homoky complains that some audio is missing from the CD-DVD and because Sergeant Manteuffel stated that the audio always was turned on, that the additional audio

2

exists and should have been made available. However, Homoky mischaracterizes Manteuffel's testimony. Manteuffel did not state that the audio in the interrogation room always was recorded. Rather, he stated only that the officers always could log-in from their desk to hear the real-time audio in the interrogation room. This is not the same as recording the audio. In fact, Manteuffel made it clear that the recording device was turned on and off by a switch near the commander's office. The Sheriff's Department responded to the motion to show cause, explaining that the beginning of the audio was not available because the on switch had yet to be activated. The Sheriff's Department offered to make the hard drive available for inspection by Homoky's counsel, but Homoky's counsel did not accept the invitation. Homoky has not demonstrated that any additional audio likely exists, and the court cannot compel the Sheriff's Department to turn over evidence that it does not possess. Under these circumstances, it appears that the Sheriff's Department complied with the subpoena. Therefore, the Motion for Order to Show Cause [DE 38] is **DENIED**.

    ENTERED this 18th day of August, 2014

                                      /s/ Andrew P. Rodovich
                                      United States Magistrate Judge