# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

KIRK HOMOKY,           )
                                   )
          Plaintiff,         )
                                   )
          v.                     )        CAUSE NO. 2:12-CV-491-TLS
                                   )
CITY OF HOBART BOARD OF PUBLIC   )
WORKS AND SAFETY, et al.,       )
                                   )
          Defendants.       )

## OPINION AND ORDER

The Plaintiff, Kirk Homoky, is a City of Hobart police officer. In a Complaint filed in this Court on November 26, 2012, the Plaintiff sued the City of Hobart Board of Public Works and Safety (the Board) and others, claiming that they had deprived him of a property interest without due process of law in violation of the Fourteenth Amendment. The Complaint also asked the Court to enjoin the Board from denying the Plaintiff an evidentiary hearing on or before December 19, 2012, related to charges being pursued by the City of Hobart Chief of Police. This matter is before the Court on the Board's Motion for Summary Judgment [ECF No. 43].

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the

nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). A district court should deny a motion for summary judgment only when the non-moving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); *Swearnigen–El v. Cook County Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008).

## STATEMENT OF FACTS

On November 19, 2012, the Plaintiff was served with a letter from the Chief of Police, Jeffrey White. The subject line advised that the letter concerned "Unpaid Administrative Leave — Pending Termination of Employment." (11-19-12 Letter, ECF No. 42-1.) Chief White's letter accused the Plaintiff of failing to follow a lawful order to submit to a voice stress analysis at the Porter County Sheriff's Department and failing to cooperate truthfully with an internal investigation ordered by the Chief. Other charges were also stated in the letter, specifically, violations of Department Rules and Regulations involving insubordination. Chief White informed the Plaintiff that "[e]ffective immediately you are relieved of your duties as a Hobart police officer and placed on unpaid administrative leave. It is my intention to seek termination of

your employment before the Hobart Board of Public Works & Safety." (*Id.*) The Plaintiff was ordered to relinquish his department property, and told that a lieutenant would keep him informed as the process moved forward.

The next afternoon, Chief White served the Plaintiff with written notice of the charges. The notice indicated that the Plaintiff had been advised of Chief White's intention to seek the Plaintiff's dismissal from employment with the Hobart Police Department. Chief White indicated that he would be presenting formal charges to the Board on Wednesday, November 21, 2012, and advised the Plaintiff of his statutory right under Indiana Code § 36-8-3-3 to request a hearing from the Board, which had to be received "within five days from your notice of intent to dismiss (termination of employment)." (11-20-12 Advise of Rights Letter, ECF No. 42-2.) Chief White advised the Plaintiff that, due to the impending Thanksgiving holiday, his written request for a hearing had to be received by the Board no later than Wednesday, November 28, 2012.

On this same date, Chief White served a letter on the members of the Board, with a copy to the Plaintiff. He stated, "It is my intention to seek termination of employment of Officer Kirk A. Homoky, without delay, for the following violations of the rules and regulations of the Hobart Police Department and Indiana law." (11-20-12 Statement of Charges, ECF No. 42-3.) The Statement of Charges went on to specify two counts of misconduct. In the closing paragraph, Chief White wrote: "I would ask the Board to consider these charges and render a decision to affirm the termination of Officer Kirk A. Homoky's employment with the Hobart Police Department at the earliest opportunity." (*Id.*) The Chief confirmed that he had sent a copy of the letter to the Plaintiff and to his counsel, Christopher C. Cooper.

Attorney Cooper, believing that the letters and notices from the City of Hobart meant that

a hearing to decide whether to terminate the Plaintiff's employment would occur the next day, November 21, sent the Board a document to complain about the lack of reasonable notice and due process. Attorney Cooper wrote that the notice informed him "that tomorrow, in perhaps less than 15 to 20 hours, there will be meeting before the Hobart Board of Public Works & Safety, and there and then, an effort to terminate my client, Kirk Homoky, as a Hobart police officer." (11-20-12 Response, ECF No. 42-4.) Attorney Cooper asked the Board to adhere to Indiana Code § 36-8-3-4 & 4.1, and demanded an evidentiary due process hearing.

The next day, the Board conducted its regular meeting. According to the minutes of the meeting, the Board heard Chief White's review of the charges against the Plaintiff and his request for termination of employment. Chief White told the Board that an internal investigation was still in the process of being completed. The City Attorney advised that his review of the law and the documents presented by Chief White led him to conclude that there was no basis for the administrative leave to be unpaid where the officer was awaiting further proceedings on threatened disciplinary action. The City Attorney recommended that the Board confirm the administrative leave, but that it be with pay until further notice. He noted the filings from Attorney Cooper, including his appeal and hearing demand pursuant to Indiana Code § 36-8-3-4 & 4.1. The Board then scheduled a hearing for City of Hobart v. Kirk Homoky for January 23, 2013, confirmed the administrative leave with pay, and directed and authorized the City Attorney to provide the Plaintiff and his attorney with notice of the scheduled hearing and advise them of the Plaintiff's rights. (11-21-12 Minutes, ECF No. 42-5.) The City Attorney provided Attorney Cooper with notice of the hearing date and time, explained the charges and the Plaintiff's rights, and informed him that the Board had changed the terms of the Plaintiff's leave

to administrative leave with pay.

On November 26, 2012, the Plaintiff initiated litigation against the Board. One of the counts asserted in the Complaint was for injunctive relief to obtain a hearing no later than December 19, 2012. Four days later, on November 30, the Plaintiff, through Attorney Cooper, informed the City Attorney that he objected to scheduling the hearing on January 23, 2013, citing the requirement in Indiana Code § 34-8-3-4 (c), which requires that a hearing be held within 30 days of the request. On December 3, the City Attorney responded in writing to Attorney Cooper, stating that the evidentiary hearing had been rescheduled to December 13, 2012, per his request.

At a December 5 regular meeting of the Board, Chief White, through counsel, filed a Motion to Dismiss the charges against the Plaintiff that were pending before the Board. The Motion stated:

> That an internal investigation which may involve Officer Homoky is nearing completion, and that given statutory time constraints, and the police department's efforts will be better directed to the ongoing investigation. It would be better for all parties involved for these charges to be dismissed. Therefore, the respondent requests that the current charges against Officer Homoky be dismissed.

(12-5-12 Motion to Dismiss, ECF No. 42-9.) The minutes of the Board meeting reflect the following:

> Attorney Whitten [the Police Department Attorney] filed a written Motion to Dismiss on this case to allow for the police department efforts to be directed toward the completion of an internal investigation regarding this officer. Attorney Whitten stated the officer has been on paid leave and will be going back to work once the current case is dismissed. Attorney DeBonis [the City Attorney] noted that the Chief has the authority and responsibility of assigning duties of each officer and will be assigning duties for Officer Homoky.

(12-5-12 Minutes, ECF No. 42-10 at 2.) The Board granted the Motion to dismiss the charges

against the Plaintiff and struck the hearing date of December 12, 2012, because it was no longer necessary. The Hobart Police Department's internal investigation concerning the Plaintiff continued.

## ANALYSIS

### A.    Due Process

The Plaintiff's Complaint alleges that he had a Fourteenth Amendment protected property interest in his continued employment as a Hobart Police Officer. The Plaintiff maintains that the Board deprived him of due process by disregarding Indiana Code § 36-8-3-4 and its requirements that a hearing be convened within 30 days of November 19, 2012, the date he first requested a hearing. *See* Ind. Code § 36-8-3-4(c) ("Before a member of a police . . . department may be suspended in excess of five (5) days without pay, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing. . . . The hearing conducted under this subsection shall be held not more than thirty (30) days after the hearing is requested by the member, unless a later date is mutually agreed upon by the parties.").

To sustain his claim that his due process rights were violated, the Plaintiff must prove that (1) he had a constitutionally protected property interest; (2) he suffered a loss of that interest amounting to a deprivation; and that (3) the deprivation occurred without the adequate protection of due process of law. *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007).

The Defendant does not dispute that the Plaintiff had a protected property interest in his employment as a police officer. The State of Indiana has enacted Indiana Code § 36–8–3–4, which provides that a member of an Indiana municipal police department holds office or grade

until dismissed or demoted by the appropriate municipal safety board for specific reasons. This statutory tenure protection is sufficient to establish that the Plaintiff had a protected property interest in his job as a police officer for the City of Hobart. *See, e.g., Hensley v. Jasper Police Dep't*, 163 F. Supp. 2d 1006, 1019 (S.D. Ind. 2001); *see also Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972) (explaining that the protection for property interests are created by an independent source, such as a state law); *Moss*, 473 F.3d at 700 (stating that legitimate expectation of continued employment may exist where state law limits the ability of the state entity to discharge the employee).

Pre-termination procedures require notice of the charge, an explanation of the basis for the charge, and an opportunity for the employee to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). The Board provided, or was willing to provide, all of these. Ultimately, the dismissal of charges rendered the need for any procedures moot. *See Wainscott v. Henry*, 315 F.3d 844, 853 (7th Cir. 2003) (stating that the court first had to determine if the plaintiff was "actually terminated" because if he was "not terminated, but rather placed on suspension pending a review by the Board" he "would not be entitled to the proper due process requirements"). None of the Board's actions resulted in the Plaintiff losing a protected property interest in his continued employment.

The Board's actions are limited to converting an unpaid leave to a paid leave, scheduling an evidentiary hearing, rescheduling a hearing, and granting a motion to dismiss the charges and corresponding request for termination of employment. The Plaintiff cannot point to any denials of a protected property interest that came about from these actions. Placing the Plaintiff on paid administrative leave pending resolution of disciplinary action did not cause him to lose office or

grade. The Plaintiff did not suffer a loss of his property interest when the Board offered the Plaintiff an opportunity to be heard prior to any decision on his termination, but then scheduled the hearing for more than 30 days from the Plaintiff's request for a hearing. Not only was the date changed, but the charges by Chief White necessitating the hearing were dismissed before any disciplinary action was taken. The Plaintiff was not demoted or dismissed from employment as a result of the hearing dates or the dismissal of charges, and the Board's involvement, as it pertains to this litigation, came to an end.

Despite the seemingly straight forward resolution of the Plaintiff's due process claim, the Plaintiff advances a theory that he was "actually terminated" or that, at the very least, it was reasonable for the Plaintiff to believe he was terminated. In advancing this theory, the Plaintiff takes views of the facts that are without evidentiary support, are taken out of context, or lack relevance under the applicable law. The Court addresses the Plaintiff's argument below.

1.      *Administrative Leave versus Termination*

Throughout the Plaintiff's briefs, he maintains that there is a genuine dispute whether, on November 19, 2012, Chief White placed him on administrative leave or terminated his employment. (*See, e.g.*, Pl.'s Resp., ECF No. 57-1 at 7, 8.) The Plaintiff's position is that it was reasonable for him to believe that Chief White terminated his employment immediately, and that the Board was simply being asked to affirm White's action. However, in other sections of his brief, he describes what occurred on November 19 as being placed in "no-pay status" (*id.* at 8), and the Court assumes that the Plaintiff does not intend no pay status to mean the same thing as termination. The Plaintiff also suggests that it may have been the Board who was responsible for

placing him in this status (*id.*), but does not attempt to provide any evidentiary support for this proposition.

The Plaintiff's interpretation of the November 19 letter and the events that followed is presented to the Court by way of argument in the Plaintiff's brief. The Plaintiff has not designated any evidence, by way of affidavit or otherwise, to support what he argues were his subjective beliefs. Indeed, the Plaintiff's Declaration, which was submitted as an exhibit to his Response, indicates only that he believed the hearing to determine whether he would be terminated was going to occur on November 21, not that he believed he was already terminated. Additionally, the record leads the Court to conclude that any such subjective belief would have been objectively unreasonable. Finally, the Court notes that the Plaintiff does not attempt to explain why this initial understanding about his employment status or the timing of his hearing should continue to be advanced as a basis for recovery when later events showed it to be a mistake. It is undisputed that Chief White's November 19 letter states in the subject line that it was a notice of being placed on unpaid administrative leave, pending termination. It does not indicate that his termination has already occurred. Chief White states in the letter that it is his "intention to seek termination of your employment before the [Board]." (11-19-12 Letter, ECF No. 42-1.) The Plaintiff emphasizes Chief White's statement that the Plaintiff was "relieved of [his] duties," and asserts that he interpreted this statement as meaning that the Chief had "caused a termination." (Pl.'s Resp. 1, ECF No. 57-2.) Such a statement about being relieved of duties, however, is consistent with being placed on administrative leave, pending termination. An employee does not perform his job duties when he is on leave.

Chief White's November 20 correspondence also refers to his "intention to seek your

dismissal." (11-20-12 Letter, ECF No. 42-2.) It further advises the Plaintiff that he may request a hearing from the Board on the matter. Chief White's letter to the Board outlines the charges, asks the Board to consider them, and "render a decision to affirm the termination." (11-20-12 Letter to Board, ECF No. 42-3.) The Plaintiff latches on to the "affirm" language to argue that it was ambiguous whether he was already terminated. Even if this could be considered ambiguous, the Plaintiff does not suggest how, in light of the preceding correspondence, the reasonable interpretation was that his employment was already terminated. Moreover, any misunderstanding would have been cleared up at the regular meeting of the Board the next day when the Board took action to confirm the administrative leave but to render it with pay while the Plaintiff awaited further disciplinary action. At this same meeting, the Board scheduled a hearing on Chief White's requested action for termination of employment, an action that would have been unnecessary had termination already occurred. As evidenced by his own Complaint filed just five days later, the Plaintiff appears to have understood that termination had not yet occurred. In the recitation of facts, the Plaintiff alleges that Chief White gave him paperwork that memorialized a verbal pronouncement of "unpaid suspension and intent to terminate." (Compl. ¶ 18, ECF No. 1.) Thus, despite arguments in his brief in response to the Board's request for summary judgment, it does not appear that the Plaintiff was under the impression that Chief White had already terminated his employment through his actions in 2012.

Ultimately, the relevance the Plaintiff would like the Court to attach to his understanding is not clear. The Plaintiff's belief does not change the reality that neither Chief White nor the Board terminated his employment. *See, e.g., Hammond Bd. of Pub. Works and Safety v. Doughty*, 753 N.E.2d 97 (Ind. Ct. App. 2001) (disagreeing with an officer's argument that the

board had terminated his employment where the board's correspondence did not support that termination had taken place and the board had only approved the letter bringing disciplinary charges). The Plaintiff seems to suggest that his belief concerning the purpose of the November 21 meeting is relevant because it caused him stress and harmed his reputation. He writes:

> 7.      I reasonably believe my reputation was harmed when the Board accepted the charges from Chief White against me, of allegedly failing to submit to a voice stress test[.] The Board not trying to give a hearing with enough time for me to prepare and making me think I had to defend my job of approximately 8 years at a hearing where I only had 15 to 19 hours notice, was wrong. The Board's actions were very frightening for my family and me. In my mind, it looked like I was about to lose of my job in one day on November 21st.

> 8.      It was not enough that on November 20, Chief White changed things and said I had until the 28th to ask for a hearing. I had no idea until after the meeting the 21st which of the letters Chief White would dictate what would happen on November 21.

(Decl. of Pl. Kirk Homoky ¶ 7–8, ECF No. 58 (grammatical errors in original).) The Plaintiff does not differentiate between actions of the Board and the actions of Chief White.[1] This is problematic, as a damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation'") (quoting *Palmer v. Marion Cty*, 327 F.3d 588, 594 (7th Cir. 2003)); *see also Hildebrandt v. Ill. Dep't of Nat'l Res.*, 347 F.3d 1014, 1039 (2003) ("'Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional

---

[1] The Plaintiff's failure to differentiate between different actors was not limited to his Declaration. In one section of his brief, the Plaintiff asserts that "the Board began an administrative prosecution . . . with no basis whatsoever." (Pl.'s Resp. 18, ECF No. 57-1.) This is a misstatement of the record, as it is not the Board that initiates charges.

deprivation.'") (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). The letters the

Plaintiff references were written by Chief White. The Board did not take any action until

November 21, which the Plaintiff acknowledges was after Chief White advised he had until

November 28 to request a hearing. Moreover, even if the Plaintiff's state of mind had been

caused by actions of the Board, being fearful of losing your employment is not a deprivation of a

constitutionally protected property interest. The loss must actually materialize.


2.      ***Dismissal of Charges***

In response to the Board's Motion for Summary Judgment, the Plaintiff takes issue with

the Board's assertion that it dismissed Chief White's charges against the Plaintiff. He argues that

"it is undisputed that the Defendant Board claims the administrative charges against officer

Homoky were not dismissed on December 5, 2012 as evinced by the top page of the May 29,

2014 Notice of Discipline. (PF. Ex. 4). Yet the Meeting minutes say otherwise, see PF. Ex. 10."

(Pl.'s Resp., ECF No. 57-1 at 10.) The Court understands the Plaintiff to be asserting that the

Board did not really dismiss the charges on December 5, 2012, despite the fact that the minutes

from its meeting of that date memorialize a dismissal. The Plaintiff presents a May 29, 2014,

Notice of Discipline written by Chief of Police Richard W. Zormier, as evidence that it is

undisputed that the charges were not dismissed. The Notice advises that administrative charges

from the previous police administration, which were stayed pending the outcome of felony

criminal charges, could be reinstated. This Notice does not create a material issue of fact, much

less show that it is undisputed that the Board understood the charges to remain pending after the

December 2012 dismissal. The Notice cannot be attributed to the Board. It was written by the

Chief of Police whose appointment followed Chief White's appointment. Additionally, the Notice does not describe or identify the administrative charges, and there is no way to know from the current record whether they are the same administrative charges that Chief White brought in November 2012 and that the Board dismissed in December 2012. None of the designated evidence suggests that the Plaintiff has been required to answer for the 2012 insubordination charges. "[B]efore a non-movant can benefit from a favorable view of the evidence, it must show that there is some genuine evidentiary dispute. 'Genuine,' in this context, means 'reasonably contestable.'" *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009) (quoting *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1396 (7th Cir. 1997)). The fact that the charges were dismissed is not reasonably contestable.

### 3.     *Return to Work After Dismissal of Charges*

The Plaintiff believes he can show that he suffered a deprivation because he did not return to his normal work duties after the Board dismissed the charges. Rather, he was given a work assignment in the police garage. The Board, however, had no input into his assignment and there is no evidence that any of the Board's actions impacted the assignment in any regard. Thus, even if this could be considered a deprivation, it was not caused by the Board.

### B.     Injunctive Relief

The Plaintiff asserts in his Complaint that he is seeking injunctive relief pursuant to Federal Rule of Civil Procedure 56. He states in the introductory paragraphs that

> The F.R.C.P. 56 component of this case is one in which Plaintiff seeks that Defendant Board is enjoined from denying Plaintiff a hearing on or before

> December 19, 2012. Plaintiff asserts that the Board is acting in violation of IC 36-8-3-4 by having set a hearing not within 30 days prescribed by law; rather it has scheduled a hearing for January 23, 2013. This is more than 60 days from the November 19, 2012 suspension date, thus in violation of state law. Plaintiff seeks an order that the hearing occur no later than December 19, 2012 as required by IC 36-8-3-4.

(Compl. 1–2, ECF No. 1.) In the section of his Complaint dedicated to injunctive relief, the Plaintiff asserts that he "waives his right to move for a TRO. Plaintiff intends to file a motion for injunctive relief after this Complaint has been filed barring a stipulation with Defendant." (*Id.* at 18.)

Now, despite the fact that the hearing date of January 23 was vacated and the hearing moved to a date before December 19, despite the fact that the charges that were to be the subject of the hearing have been dismissed and are no longer pending before the Board, and despite the fact that the Plaintiff did not file a motion for injunctive relief, the Plaintiff maintains that his claim for injunctive relief should remain pending because the Board has not established that it will not re-offend. But the proper question under "the capable-of-repetition doctrine" is whether this is the "exceptional" situation where "the named plaintiff can make a reasonable showing that he will again be subject to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974)). The Plaintiff has not made any such showing. Further, as the Court concluded above, there is no misconduct to enjoin. The only "offense" the Board committed was scheduling a hearing for more than 30 days from the Plaintiff's demand. The Board then moved the hearing date when the Plaintiff so requested, which was less than ten days after the Complaint was filed. It is not clear what more the Plaintiff believes he is legally entitled to receive.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion for Summary Judgment of Defendant City of Hobart, Indiana Board of Public Works and Safety [ECF No. 43]. The Motion of Defendant City of Hobart, Indiana Board of Public Works and Safety to Amend Statement of Material Fact [ECF No. 68] is RENDERED MOOT, as the Court did not rely on the attached materials in its summary judgment ruling. The Clerk will enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on November 24, 2014.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION